IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ECHOSPAN, INC., | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO.: |
| | ) 1:21-cv-04318-JPB |
| v. | ) |
| | ) |
| MEDALLIA, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

# JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.  Description of Case:**

(a)  Describe briefly the nature of this action.

This case involves claims for alleged trade secret misappropriation, breach of contract, fraud, and related claims regarding Defendant's alleged access to, and alleged use of, Plaintiff's employee review tool.  Plaintiff contends that Defendant accessed Plaintiff's tool under false pretenses and pursuant to terms of a contract that Plaintiff contends Defendant has breached.  Plaintiff further contends that this alleged fraud, breach of contract, and misappropriation of trade secrets have allowed Defendant to interfere with Plaintiff's current and prospective commercial relationships.  Defendant disputes Plaintiff's allegations and denies any wrongdoing.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.[1]

Plaintiff's Statement

Plaintiff is a software company that developed a proprietary web-based tool to provide 360-degree employee feedback for its customers. In early 2021, Defendant sought access to Plaintiff's tool, purportedly for a trial demonstration to explore a potential purchase of the tool. To gain access to the tool, Plaintiff contends Defendant's representatives agreed to certain Terms and Conditions ("Ts&Cs") that governed the use of the tool and relatedly represented Defendant as legitimately interested in purchasing licenses to use Plaintiff's tool. Through that trial use, and as a result of those alleged representations regarding Defendant's intentions, Plaintiff contends that Defendant obtained access to confidential and trade secret information regarding Plaintiff's tool. Plaintiff further contends that, following expiration of the trial use period, Defendant used the information it obtained regarding Plaintiff's tool inconsistently with what Defendant represented its intentions to be and in ways that the Ts&Cs prohibit. The alleged improper use includes, but is not limited to, attempted development of a competing product that

---

[1] The Parties do not concede the facts as stated for purposes of this Joint Preliminary Planning Report and reserve all objections and all rights to introduce evidence contrary to these stated facts.

Defendant has used to secure a relationship with one of Plaintiff's most significant customers.

Defendants' Statement

Defendant denies misappropriating or misusing any alleged confidential or trade secret information of Plaintiff. Defendant further denies breaching the Ts&Cs (to the extent they bind Defendant) or otherwise engaging in any wrongdoing.

Defendant offers software-as-a-service that allows its clients to manage their customer and employee experiences. Defendant has been in this business since 2001. Defendant's customer experience software helps clients increase customer engagement, drive loyalty and retention, and deepen customer relationships. Defendant's employee engagement software similarly helps clients increase employee engagement, foster collaboration, and improve retention and culture. Defendant markets and sells its software to customers throughout the world, including to Fortune 500 companies.

The customer Plaintiff identifies above has been a past customer and user of Defendant's customer experience product. In 2019, the customer sent out an RFP to Plaintiff, Defendant and other companies. The RFP was to provide the customer an employee feedback product like what Plaintiff had been providing the customer. Plaintiff chose not to respond to the RFP. Defendant responded to the RFP and was

awarded the contract. After Defendant secured the contract, it began modifying its employee engagement software to conform the tool to design specifications provided by the customer. Defendant disputes that it has used, or that its tool uses or incorporates, any alleged confidential or trade secret information of Plaintiff.

Defendant has filed a Motion to Transfer this action to the Northern District of California based on a forum selection provision in a Nondisclosure Agreement entered into between the parties. [Dkt. 13]. While Defendant has participated in the preparation of this joint report, Defendant contends that the Court should not issue a scheduling order until it rules on the Motion to Transfer and determines whether this case will remain before this Court.

    (c)    The legal issues to be tried are as follows:[2]

Whether Defendant is bound to the terms of the Ts&Cs.

Whether Defendant has breached the Ts&Cs.

Whether Plaintiff's non-contractual claims are superseded by the Georgia Trade Secrets Act.

Whether Defendant fraudulently misrepresented its intentions when it requested access to Plaintiff's tool.

---

[2] Defendant contends that many, if not all, of these issues will be decided on dispositive motions, so Defendant disputes that there will be any legal issues to be tried.

Whether Defendant fraudulently misrepresented its intentions when it purported to seek to purchase Plaintiff's tool.

Whether Defendant improperly interfered with Plaintiff's current or prospective commercial relationships.

Whether Defendant converted Plaintiff's property and information.

Whether Defendant was unjustly enriched.

Whether Defendant's alleged activity supports claims for unfair trade practices under O.C.G.A. § 10-1-372(a); the Defend Trade Secrets Act (18 U.S.C. § 1839); the Computer Systems Protection Act (O.C.G.A. § 16-9-93(g)); the Trade Secrets Act (O.C.G.A. § 10-1-761); or for attorneys' fees and injunctive relief.

Whether any information allegedly misappropriated by Defendant constitutes a trade secret under either the Defend Trade Secrets Act or the Georgia Trade Secrets Act.

Whether Plaintiff is entitled to preliminary injunctive relief.

Whether Plaintiff is entitled to permanent injunctive relief.

Whether Plaintiff is entitled to recover its attorney's fees.

The nature and amount of Plaintiff's alleged damages.

      (d)    The cases listed below (include both style and action number) are:

          (1)    Pending Related Cases: None

          (2)    Previously Adjudicated Related Cases: None

**2.  This case is complex because it possesses one or more of the features listed below (please check):**

_____ (1) Unusually large number of parties

__X__ (2) Unusually large number of claims or defenses

_____ (3) Factual issues are exceptionally complex

_____ (4) Greater than normal volume of evidence

__X__ (5) Extended discovery period is needed

_____ (6) Problems locating or preserving evidence

_____ (7) Pending parallel investigations or action by government

__X__ (8) Multiple use of experts

_____ (9) Need for discovery outside United States boundaries

__X__ (10) Existence of highly technical issues and proof

_____ (11) Unusually complex discovery of electronically stored information.

**3.  Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

| | |
|---|---|
| Plaintiff: | Jonathan R. Chally |
| | Georgia Bar No. 141392 |
| | COUNCILL, GUNNEMANN & CHALLY LLC |
| | 1201 Peachtree Street NE |
| | Building 400, Suite 100 |
| | Atlanta, GA  30361 |
| | jchally@cgc-law.com |
| Defendant: | |
| | Benjamin I. Fink |
| | Georgia Bar No. 261090 |
| | BERMAN FINK VAN HORN P.C. |
| | 3475 Piedmont Rd. NE, Suite 1100 |
| | Atlanta, GA 30305 |
| | nweinrich@bfvlaw.com |

**4.    Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

___Yes   _X_No

While not a challenge to the Court's jurisdiction, Defendant has filed a Motion to Transfer this action to the United States District Court for the Northern District of California based on a forum selection provision in a Nondisclosure Agreement entered into between the parties.  [Dkt. 13]. Plaintiff opposes that motion, which is now fully briefed.

**5.    Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:

None known at present.

(b) The following persons are improperly joined as parties:

None known at present.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None known at present.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

To the extent the Court contends any of Plaintiff's claims are insufficiently pled, Plaintiff has requested the opportunity to amend the complaint. Defendant opposes Plaintiff's request and contends the claims challenged in Defendant's Partial Motion to Dismiss should be dismissed without leave to amend. Further, Plaintiff

reserves the right to seek leave to amend the complaint if discovery reveals a basis and need to pursue such an amendment.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)   *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)   *Summary Judgment Motions*:  within thirty days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)   *Other Limited Motions*:  Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)    *Motions Objection to Expert Testimony*: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed. R. Civ. P. 26(a)(1)(B).

The parties will exchange initial disclosures by February 1, 2022.

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  Yes.

The parties have requested a scheduling conference in connection with the pending motion for preliminary injunction.  Plaintiff maintains that such a conference would assist in addressing the discovery and litigation activity that inevitably will be required as this case progresses.  Consistent with the Court's previous ruling in its November 15, 2021 Order, Defendant contends that the Court should only schedule a status conference if Defendant's Motion to Transfer is denied.

**10.   Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

By way of example, Plaintiff identifies the following subjects: (1) Defendant's representations regarding its intended use of access to Plaintiff's tool; (2) Defendants' intentions regarding its intended use of access to Plaintiff's tool; (3) the proprietary and confidential information Defendant obtained as a result of access to Plaintiff's tool; (4) Defendant's use of that proprietary and confidential information; (5) Defendant's relationship with Plaintiff's current or prospective customers (specifically in connection with the use of a tool that competes with

Plaintiff's offering); and (6) the impact and damage of Defendant's activity on Plaintiff's competitive position.

Plaintiff has requested expedited discovery.

Defendant anticipates discovery regarding the following subjects, *inter alia*: 1) any alleged components of Plaintiff's tool that Plaintiff contends constitute trade secrets; 2) Plaintiff's disclosure of its tool to past and present customers and those customers' employees; 3) Information regarding Plaintiff's tool that Plaintiff makes publicly available on its website and in other sources; 4) Plaintiff's disclosure of its tool through free trials; 5) Plaintiff's internal communications and external communications with Defendant regarding the trial requested by an employee of Defendant; 6) Defendant's alleged use of the tool during the free trial; 7) Information allegedly requested by and disclosed to Defendant during due diligence; and 8) Plaintiff's communications with its customer regarding the RFP and regarding the customer's decision to reduce its business with Plaintiff.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

With respect to fact and expert discovery, the parties believe that a four-month discovery period is insufficient, given the complexity of this case and the volume of documents and electronically stored information. Therefore, the parties propose that the discovery period be extended to six months.[3]

The parties propose the following with respect to expert discovery: The parties shall designate any affirmative expert and provide a copy of such experts' reports 75 days before the end of the discovery period. Any rebuttal reports shall be submitted 30 days before the end of the discovery period and any expert depositions then completed by the close of the discovery period.

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None at this time.

(b) Is any party seeking discovery of electronically stored information?

__X__Yes      ____No

---

[3] As set forth above, Defendant contends that the Court should not enter a scheduling order in this case unless Defendant's Motion to Transfer is denied.

If "yes," (1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties agree to confer and work together to establish appropriate procedures and reasonable limitations on the source and scope of the production of electronically stored information.  Plaintiff will circulate a proposed plan as to the discovery of electronically stored information.  Defendant will review and comment on such plan.  In the unlikely event that the parties cannot resolve these issues via stipulation or stipulated order, they will seek Court involvement.

(2)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

These issues will be addressed in the plan Plaintiff presents to Defendant as noted above.

12. **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Plaintiff believes the Court should enter a scheduling order to govern fact and expert discovery consistent with the proposed schedule set forth above. Defendant contends that such an order should be entered only if the Court denies Defendant's Motion to Transfer.

Also, at the appropriate time, the parties will submit a proposed consent protective order relating to the discovery of confidential information for the Court's consideration and approval.

The parties may also submit additional proposed case management orders for the Court's consideration.

13. **Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>January 5, 2022</u> and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

>   For Plaintiff – Lead Counsel:  <u>/s/ Jonathan R. Chally</u>
>
>   Other Participants: Joshua P. Gunnemann

For Defendants – Lead Counsel: */s/ Benjamin I. Fink*

Other Participants:  Neal F. Weinrich

(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___)  A possibility of settlement before discovery.

( X )  A possibility of settlement after discovery.

(___)  A possibility of settlement, but a conference with the judge is needed.

(___)  No possibility of settlement.

(c)     Counsel ( X ) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is TBD.

(d)     The following specific problems have created a hindrance to settlement of this case: There are no specific problems which have created a hindrance to settlement; however, the parties agree that some discovery is needed to be able to adequately assess the claims and defenses raised by the opposing party.

**14.    Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b) The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.

Completed form submitted this 20th day of January, 2022.

/s/ Jonathan R. Chally
Jonathan R. Chally
Georgia Bar No. 141392
Joshua P. Gunnemann
Georgia Bar No. 152250
COUNCILL, GUNNEMANN & CHALLY LLC
1201 Peachtree Street NE
Building 400, Suite 100
Atlanta, GA  30361
jchally@cgc-law.com
jgunnemann@cgc-law.com

*Counsel for Plaintiff*

Benjamin I. Fink
Georgia Bar No. 261090
Neal F. Weinrich
Georgia Bar No. 294586

BERMAN FINK VAN HORN P.C.
3475 Piedmont Road, NE
Suite 1100
Atlanta, GA  30305
bfink@bfvlaw.com
nweinrich@bfvlaw.com

*Counsel for Defendant*

\* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

**Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:**

_____

_____

_____

_____

_____

IT IS SO ORDERED, this \_\_\_ day of _____, 2022.

_____
HONORABLE J.P. BOULEE
UNITED STATES DISTRICT JUDGE