LEWIS & LLEWELLYN LLP
Evangeline A.Z. Burbidge (CA Bar No. 266966)
eburbidge@lewisllewellyn.com
Rebecca Furman (CA Bar No. 294082)
bfurman@lewisllewellyn.com
Kenneth M. Walczak (Bar No. 247389)
kwalczak@lewisllewellyn.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone:  (415) 800-0590
Facsimile:   (415) 390-2127

COUNCILL, GUNNEMANN & CHALLY, LLC
Jonathan R. Chally (GA Bar No.141392); *Pro Hac Vice*
jchally@cgc-law.com
1201 W. Peachtree Street NW, Suite 2613
Atlanta, Georgia 30309
Telephone: (404) 407-5250
Facsimile:   (404) 600-1624

Attorneys for Plaintiff
ECHOSPAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECHOSPAN, INC.,<br><br>                    Plaintiff/Counter-Defendant,<br><br>        v.<br><br>MEDALLIA, INC.,<br><br>                    Defendant/Counter-Plaintiff. | Case No. 5:22-cv-01732-NC<br><br>**ECHOSPAN, INC.'S RESPONSE IN SUPPORT OF MEDALLIA, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

1

Pursuant to Civil Local Rule 79-5, Plaintiff/Counter-Defendant EchoSpan, Inc. ("EchoSpan") responds in support of Defendant/Counter-Plaintiff Medallia, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, Dkt. 184, and respectfully requests that the Court seal the highlighted portions of Medallia's Notice of Motion and Motion to Remove Redactions to Complaint and Require Refiling (Medallia's "Motion Challenging Redactions").

Medallia, in a transparent attempt to litigate the substantive issues of this action through procedural maneuvers, *see* Dkt. 183, 185, now objects to sealing of three paragraphs in the 134 paragraph Complaint (though Medallia does not object to over a dozen other paragraphs remaining sealed, including those paragraphs that describe Medallia's misconduct). Medallia's Motion Challenging Redactions is a waste of the Parties' and the Court's time. EchoSpan conservatively requested that certain portions of the Complaint be filed under seal to protect the interests and confidentiality requirements of a variety of parties, including contractual nondisclosure duties between EchoSpan and Medallia, (indeed, Medallia even brought a counterclaim against EchoSpan for the alleged breach of these confidentiality obligations, Dkt. 126 (which counterclaim, notably, is heavily redacted)), confidentiality obligations both EchoSpan and Medallia owe to their customer (which has expressed concern about its confidential information being produced or made public in this action), and EchoSpan's confidential and trade secret information. And the court *has already determined that these allegations should be sealed.* Dkt. 5.

The merits of Medallia's Motion Challenging Redactions, however, are not at issue here. EchoSpan's opposition to Medallia's Motion Challenging Redactions, which will address the reasons that motion should be denied and the Complaint should remain redacted, will be addressed as permitted pursuant to Local Rule 7-3. Instead, pursuant to Local Civil Rule 79-5(c)(1), all that is raised in Medallia's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, Dkt. 184, is whether the quotation of sealed portions on the docket should also be sealed. They should.

The Motion Challenging Redactions quotes from sealed portions of the Complaint. These quotations should be sealed here, as they are in the Complaint. The court has *previously determined*

ECHOSPAN, INC.'S RESPONSE IN SUPPORT OF MEDALLIA, INC.'S
ADMINISTRATIVE MOTION - CASE NO. 5:22-cv-01732-NC

that these highlighted portions should be sealed. Dkt. 5. Medallia did not file any opposition to sealing the Complaint in the first instance. *See* Dkt. 2-5. In any event, the highlighted portions of the Motion Challenging Redactions quotes from a sealed document and, as courts have repeatedly recognized, should similarly be redacted. *E.g., Universal Ent. Corp. v. Aruze Gaming Am., Inc.,* No. 218CV00585RFBNJK, 2022 WL 17668678, at *1 (D. Nev. Dec. 14, 2022) (finding "good cause" to seal filing when "similar [to other] documents sealed in this case"); *Southcentral Found. v. Alaska Native Tribal Health Consortium*, No. 3:17-CV-00018-TMB, 2019 WL 13030343, at *6 (D. Alaska Apr. 12, 2019) (granting motion to seal documents that duplicate already-sealed documents, including quotations from a sealed document).

A proposed order is attached hereto.

Dated: May 25, 2023          Respectfully submitted,

COUNCILL, GUNNEMANN & CHALLY, LLC


By: */s/ Jonathan R. Chally*
    Jonathan R. Chally (GA Bar No.141392)
    (*Pro Hac Vice*)
    jchally@cgc-law.com
    1201 W. Peachtree Street NW, Suite 2613
    Atlanta, Georgia 30309

LEWIS & LLEWELLYN LLP
Evangeline A.Z. Burbidge (CA Bar No. 266966)
Rebecca F. Furman (CA Bar No. 294082)
Kenneth M. Walczak (Bar No. 247389)

3