MARC J. PERNICK (State Bar #160591)
mpernick@mkwllp.com
JASON R. BARTLETT (State Bar #214530)
jbartlett@mkwllp.com
MAURIEL KAPOUYTIAN WOODS LLP
450 Sansome Street, Suite 1005
San Francisco, California 94111
Telephone:  (415) 738 - 6334

Benjamin I. Fink (Georgia Bar No. 261090) *Pro Hac Vice*
bfink@bfvlaw.com
Jeremy L. Kahn (Florida Bar No. 0105277) *Pro Hac Vice*
jkahn@bfvlaw.com
BERMAN FINK VAN HORN P.C.
3475 Piedmont Road NE, Suite 1640
Atlanta, GA 30305
Telephone: (404) 261-7711

*Attorneys for Defendant*
MEDALLIA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ECHOSPAN, INC., | ) Case No.: 5:22-cv-01732-NC |
| Plaintiff/Counter-Defendant, | ) **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL REDACTED PORTIONS OF RESPONSE IN OPPOSITION TO MEDALLIA'S MOTION TO REMOVE REDACTIONS FROM COMPLAINT AND EXHIBIT THERETO** |
| v. | |
| MEDALLIA, INC., | |
| Defendant/Counter-Plaintiff. | |

Good cause does not exist to seal from the public the eight mentions of one of EchoSpan's former customers in EchoSpan's Response in Opposition to Medallia's Motion to Remove Redactions from Complaint and Require Refiling.[1] As this Court states in its local rules on sealing documents, "The public has a right of access to the Court's files" and therefore a party should only

---

[1] Medallia takes no position on EchoSpan's request to seal Exhibit D to its opposition or quotes of that exhibit in its opposition. Medallia defers to the Court's judgment as to whether EchoSpan has satisfied the requirements of Local Rule 79-5(c) with respect to that Exhibit and quotes from it.

- 1 -

redact "the truly sensitive information in a document." N.D. Cal. L.R. 79-5. To ensure that the public's right of access is not compromised, this Court has enacted local rules that govern the sealing of documents from the public. Pursuant to Local Rule 79-5(c)(1), EchoSpan was required to file a specific statement of the reasons for keeping under seal the identity of the former customer, including an explanation of the legitimate private or public interests that warrant sealing, the injury that will result if sealing is denied, and why a less restrictive alternative is not sufficient.

EchoSpan fails to satisfy Local Rule 79-5 or establish good cause to seal the instances in which it mentions its former customer. As discussed in Medallia's Motion to Remove Redactions from Complaint and Require Refiling, the identity of the customer is *already public*. *See* Dkt. 183 at 15–16. EchoSpan does not dispute that its relationship with that former customer *is made public on EchoSpan's own website* and other publicly available online sources. Medallia is not challenging the sealing of the former customer's communications with EchoSpan or any information covered by any confidentiality agreement between the former customer and EchoSpan. At this point, all Medallia is challenging is the sealing of the identification of that former customer, for which there is no legitimate basis.

EchoSpan's first asserted basis for sealing is that it "owes this client certain confidentiality obligations." Dkt. 189 at 2. But, despite EchoSpan's conclusory assertions otherwise without citing any particular confidentiality provision, those confidentiality obligations do not extend to the mere identification of the company as a former customer of EchoSpan. EchoSpan can continue to seal or redact communications and other data that are covered by any confidentiality agreement it has with the former customer. But such an agreement does not give EchoSpan *carte blanche* to redact and seal *everything* about that customer.

EchoSpan next argues, in conclusory fashion, that "if the client name were revealed, it would be harmful to EchoSpan's competitive interest and relationship with this former client." Dkt. 189 at 2. But EchoSpan does not explain how such public disclosure would harm its competitive interests or how it could possibly harm its relationship with a *former* client that has voluntarily chosen to no longer do any business with EchoSpan. EchoSpan improperly expects the Court to accept that it would suffer "competitive harm" simply because it says so. That is not the

- 2 -

standard, and the Court's own local rules require more.

EchoSpan also asserts that the former client itself would "suffer reputational harm," but again does not say how. In any event, even if EchoSpan's baseless claims had merit, there is no allegation or even insinuation of wrongdoing on behalf of the former client, so there is no basis for EchoSpan's feigned concern for its former client's "reputational" interests.

As will be demonstrated in Medallia's forthcoming summary judgment motion, EchoSpan's allegation that Medallia has sold "stolen intellectual property" to the former customer is baseless. Nevertheless, this accusation about a transaction not involving EchoSpan is no basis to seal the identity of that customer. Unlike EchoSpan, Medallia is proud of its relationship with that customer and does not need to hide the fact of it.

The conclusory declaration attached to EchoSpan's response is illuminating for what it does not say. Paragraph 4 of the declaration states that public disclosure of Exhibit D or its contents "is constrained by confidentiality contained therein." Dkt. 189-1 at 2. Notably, the declarant was unwilling to assert in his declaration that the identity of the former customer is constrained by such confidentiality obligations. As to that information, the declarant meekly states that the identification of the former customer "*may* interfere with EchoSpan's business relationship with the former client" (which is nonexistent) and "*may* cause the client reputational harm," without explaining either. *Id.* (emphasis added).

Finally, EchoSpan fails to address why a less restrictive alternative would not be sufficient. As noted above, a less restrictive alternative would be to seal or redact only information that actually comes within a confidentiality provision between the former customer and EchoSpan.

For these reasons, EchoSpan has failed to satisfy its burden to establish that sealing the identity of its former customer in its opposition is warranted. The Court should deny EchoSpan's administrative motion to seal that already-public information.

Dated: June 5, 2023                                    Respectfully submitted,

                                                        BERMAN FINK VAN HORN P.C.

                                                        By:    */s/ Benjamin I. Fink*
                                                               Benjamin I. Fink
                                                               Jeremy L. Kahn

- 3 -

MAURIEL KAPOUYTIAN WOODS LLP
Marc J. Pernick
Jason R. Bartlett

*Attorneys for Defendant/Counter-Plaintiff Medallia, Inc.*

- 4 -