1  MARC J. PERNICK (State Bar #160591)
   mpernick@mkwllp.com
2  JASON R. BARTLETT (State Bar #214530)
   jbartlett@mkwllp.com
3  MAURIEL KAPOUYTIAN WOODS LLP
   450 Sansome Street, Suite 1005
4  San Francisco, California 94111
   Telephone: (415) 738 - 6334
5
   Benjamin I. Fink (Georgia Bar No. 261090) *Pro Hac Vice*
6  bfink@bfvlaw.com
   Jeremy L. Kahn (Florida Bar No. 0105277) *Pro Hac Vice*
7  jkahn@bfvlaw.com
   BERMAN FINK VAN HORN P.C.
8  3475 Piedmont Road NE, Suite 1640
   Atlanta, GA 30305
9  Telephone: (404) 261-7711

10  *Attorneys for Defendant*
    MEDALLIA, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ECHOSPAN, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> MEDALLIA, INC., <br><br> Defendant/Counter-Plaintiff. | Case No.: 5:22-cv-01732-NC <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION TO BIFURCATE TRIAL** <br><br> Hearing Date: October 11, 2023 <br> Time: 1:00 p.m. |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on October 11, 2023, at 1:00 p.m., a hearing will be held before the Honorable Nathanael M. Cousins at the San Jose Courthouse, 280 South 1st Street, Courtroom 5 – Fourth Floor, San Jose, CA 95113 on Defendant's Motion to Bifurcate Trial.

**STATEMENT OF REQUESTED RELIEF**

Defendant Medallia, Inc. respectfully requests that the Court enter an order bifurcating the trial of this action such that Plaintiff's equitable claims be tried by the Court rather than a jury.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff EchoSpan, Inc. seeks both legal and equitable relief. EchoSpan seeks injunctive relief as well as three categories of "unjust enrichment" damages. To the extent any of EchoSpan's claims for equitable relief survive summary judgment, they must be adjudicated by the Court, not a jury. Accordingly, the Court should bifurcate the equitable claims from any jury trial in this case.

## III. ARGUMENT AND CITATIONS OF AUTHORITY

EchoSpan's claims for injunctive relief and unjust enrichment damages are equitable claims for which there is no right to a jury trial. The Seventh Amendment provides a right to a jury trial only in "Suits at common law" where the amount in controversy exceeds $20.00. U.S. Const. amend. VII. The Supreme Court has "consistently interpreted the phrase 'Suits at common law' to refer to 'suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered.'" *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (quoting *Parsons v. Bedford*, 28 U.S. (3 Pet.) 433, 447 (1830)). Under the test articulated in *Granfinanciera*, the court first "compare[s] the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity" and second "examine[s] the remedy sought and determine[s] whether it is legal or equitable in nature." *Id.* "The second stage of this analysis"—examining whether the remedy sought is legal or equitable in nature—"is more important than the first." *Id.*

While EchoSpan seeks legal damages as part of its claims, it primarily seeks equitable remedies. It seeks injunctive relief as part of its claims under the Defend Trade Secrets Act and the Georgia Trade Secrets Act. *See* Compl. ¶¶ 115, 127. It also asserts a freestanding claim for injunctive relief. *Id.* ¶¶ 131–34. EchoSpan also seeks "unjust enrichment" damages as part of its trade-secrets claims. EchoSpan "seeks all available remedies authorized under 18 U.S.C. § 1836," *id.* ¶ 115, which includes "damages for any unjust enrichment caused by the misappropriation of the trade secret." 18 U.S.C. § 1836(b)(3)(B)(i)(II). Similarly, EchoSpan "seeks all available remedies authorized" under O.C.G.A. § 10-1-763, Compl. ¶ 127, which includes unjust enrichment damages. *See* O.C.G.A. § 10-1-763(a) ("Damages can include both the actual loss caused by

2
Defendant's Motion to Bifurcate Trial – Case No. 5:22-CV-01732-NC

misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss."). The report of EchoSpan's damages expert also makes clear that EchoSpan seeks two categories of damages, one of them being unjust enrichment.[1] *See* B. Riley Report [Dkt. 224-2] ¶¶ 27, 29, 30, 53–98. These unjust enrichment damages are further broken down into three categories of alleged unjust enrichment: (1) "Unjust Enrichment: Disgorgement of Medallia's Profits from [Customer]"; (2) "Unjust Enrichment: Medallia's Head Start Benefit"; and (3) "Unjust Enrichment: Medallia's Saved Costs." *Id.* ¶ 30.

EchoSpan's claims for injunctive relief and unjust enrichment damages are quintessential equitable claims. As to the first part of the *Granfinanciera* test, "[i]n 1791, when the Seventh Amendment became effective, injunctions, both in England and in this country, were the business of courts of equity, not of courts of common law. *Sec. & Exch. Comm'n v. Commonwealth Chem. Sec., Inc.*, 574 F.2d 90, 95 (2d Cir. 1978) (Friendly, J.). Likewise, unjust enrichment remedies for trade-secret misappropriation such as disgorgement of profits were not available at law in 1791. *See Tex. Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*, 895 F.3d 1304, 1320 (Fed. Cir. 2018) ("[I]f disgorgement of the defendant's profits was not available at law for the kind of wrong at issue here, TAOS has no constitutional right to a jury to decide the disgorgement question.").

As to the second, and more important, part of the analysis, courts routinely recognize that both injunctions and unjust enrichment damages are equitable remedies. *See McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1093 (9th Cir. 2003) ("We emphasize that unjust enrichment is an equitable remedy . . . ."); *MGA Ent. Inc. v. Harris*, No. 220CV11548JVSAGRX, 2022 WL 4596697, at *18 (C.D. Cal. July 29, 2022) ("[T]o the extent that Counterclaimants seek a disgorgement of wrongful gains and thereby prevent it from being

---

[1] The other category is lost profits for loss of a particular customer relationship. Medallia's pending motion for summary judgment seeks at least partial summary judgment as to EchoSpan's claims for lost profits because, as a matter of law, EchoSpan cannot show that its loss of the customer was caused by any alleged misconduct of Medallia. Medallia's pending *Daubert* motion likewise seeks to exclude expert testimony on this damages theory. If EchoSpan's lost profits damages theory does not survive Medallia's summary judgment or *Daubert* motion, then the entire trial should be a nonjury trial because all other remedies EchoSpan seeks are equitable.

unjustly enriched, that is an equitable claim to which Counterclaimants are not entitled a jury decision."), *reconsideration denied*, 2022 WL 4596585 (C.D. Cal. Sept. 7, 2022); *Medtronic MiniMed, Inc. v. Nova Biomedical Corp.*, No. CV0800788SJOPJWX, 2009 WL 10672947, at *2 (C.D. Cal. Aug. 14, 2009) ("However, as injunctions are an equitable remedy, the Court, not the jury, determines the length of any injunction, and therefore this evidence has no bearing on issues that will be decided by the jury."); *United States v. Hempfling*, No. 1:05CV00594 LJOSMS, 2007 WL 1994069, at *4 (E.D. Cal. July 5, 2007) ("The courts uniformly find that in cases such as this one, where a statute authorizes injunctive relief for violation of another section of the statute, the action is equitable and that no jury trial is required."); *see also Liu v. Sec. & Exch. Comm'n*, 140 S. Ct. 1936, 1943 (2020) ("Decisions from this Court confirm that a remedy tethered to a wrongdoer's net unlawful profits, whatever the name, has been a mainstay of equity courts.").

The Court should therefore bifurcate these issues from the other portions of any jury trial so that they are not considered by the jury. *See MGA*, 2022 WL 4596697, at *18 ("The Court orders the disgorgement remedy issue BIFURCATED from the liability and damages portion of the trial. If the jury finds that Counter-Defendants are liable for infringement, the Court will take up this equitable issue at the end of trial."); *cf. Wilson v. Corning, Inc.*, 609 F. Supp. 3d 753, 756–577 (D. Minn. 2022) (striking jury demand for a trade-secret misappropriation claim where only remedy sought was disgorgement of profits).

The need for the Court, rather than a jury, to adjudicate these claims is acute here in light of EchoSpan's all-or-nothing damages theories that fail to apportion the value of each of the alleged trade secrets. It is possible that the jury could find that one or some, but not all, of the nine alleged trade secrets are trade secrets and that others are not. Or the jury could find that one or some, but not all, of the nine alleged trade secrets were misappropriated and others were not. In such circumstances, the jury would have no evidence of any individual alleged trade secret's value and may improperly speculate as to the value of such alleged trade secrets. *See LivePerson, Inc. v. 24[7].AI, Inc.*, No. 17-cv-01268-JST, 2018 WL 6257460, *2 (N.D. Cal. Nov. 30, 2018) (excluding expert testimony since expert did not apportion damages, and offers "no methodology for the jury to calculate trade secret misappropriation damages on fewer than all of the 28 alleged secrets in

4
Defendant's Motion to Bifurcate Trial – Case No. 5:22-CV-01732-NC

this case"); *see also E.I. Du Pont De Nemours and Co. v. Kolon Indus., Inc.*, No. 3:09cv58, 2011 WL 4625760, at *9 n.15 (E.D. Va. Oct. 3, 2011) ("If the jury finds that some of the information are trade secrets and some are not, its inquiry becomes even more speculative. . . . This type of guesswork is not the province of the jury."). To ameliorate the risks of misleading or confusing the jury and prejudicing Medallia, the Court should reserve for itself the issues of any claims for equitable relief, such as unjust enrichment damages and injunctive relief.

## IV. CONCLUSION

For these reasons, the Court should bifurcate the trial of this action between the claims for legal and equitable relief, and the claims for equitable relief should be decided by the Court rather than a jury.

Dated: September 6, 2023

Respectfully submitted,

BERMAN FINK VAN HORN P.C.

By: */s/ Benjamin I. Fink*
Benjamin I. Fink
Jeremy L. Kahn

MAURIEL KAPOUYTIAN WOODS LLP
Marc J. Pernick
Jason R. Bartlett

*Attorneys for Defendant/Counter-Plaintiff Medallia, Inc.*