LEWIS & LLEWELLYN LLP
Evangeline A.Z. Burbidge (CA Bar No. 266966)
eburbidge@lewisllewellyn.com
Zachary C. Flood (CA Bar No. 312616)
zflood@lewisllewellyn.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 800-0590

COUNCILL, GUNNEMANN & CHALLY, LLC
Jonathan R. Chally (GA Bar No.141392); *Pro Hac Vice*
jchally@cgc-law.com
Jennifer R. Virostko (GA Bar No. 959286); *Pro Hac Vice*
jvirostko@cgc-law.com
Joshua P. Gunnemann (GA Bar No. 152250); *Pro Hac Vice*
jgunnemann@cgc-law.com
1201 W. Peachtree Street NW, Suite 2613
Atlanta, Georgia 30309
Telephone: (404) 407-5250

Attorneys for Plaintiff
ECHOSPAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECHOSPAN, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> MEDALLIA, INC., <br><br> Defendant/Counter-Plaintiff. | Case No. 5:22-cv-01732-NC <br><br> **REPLY BRIEF IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES BY ECHOSPAN, INC.** <br><br> Date: September 11, 2024 <br> Time: 11:00 a.m. <br> Ctrm: 5 – 4th Floor <br> Judge: Hon. Nathanael Cousins |

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1
ARGUMENT AND AUTHORITY ................................................................................................. 1
    I.    ECHOSPAN IS THE PREVAILING PARTY. .......................................................... 1
    II.   ECHOSPAN HAS PROVEN THE REASONABLENESS
        OF ITS FEE REQUEST. ............................................................................................ 4
CONCLUSION ................................................................................................................................ 5

# TABLE OF AUTHORITIES

**CASES**

*Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*,
    532 U.S. 598 (2001) ..................................................................................................2

*Citizens for Better Forestry v. U.S. Dep't of Agr.*,
    567 F.3d 1128 (9th Cir. 2009) ................................................................................2, 3

*Comet Technologies USA Inc. v. XP Power LLC, Case*,
    No. 5:20-cv-06408-NC (N.D. Cal. 2022) ..................................................................5

*Farrar v. Hobby*,
    506 U.S. 103 (1992) ..................................................................................................2

*K-2 Ski Co. v. Head Ski Co.*,
    506 F.2d 471 (9th Cir. 1974) ....................................................................................1

*Kehoe Component Sales Inc. v. Best Lighting Products, Inc., N.*,
    2014 WL 5034643 (S.D. Ohio Oct. 8, 2014 2014) ..................................................5

*Klamath Siskiyou Wildlands Center v. United States Bureau of Land Mgmt.*,
    589 F.3d 1027 (9th Cir. 2009) ...............................................................................2, 3

*Mattel, Inc. v. MGA Ent., Inc.*,
    801 F. Supp. 2d 950 (C.D. Cal. 2011) .....................................................................5

*Roadrunner Transp. Services, Inc. v. Tarwater*,
    642 F. App'x 759 (9th Cir. 2016) .............................................................................2

*Roadrunner Transportation Services, Inc. v. Tarwater*,
    2013 WL 12170492 (C.D. Cal., Dec. 9, 2013) .........................................................1

*San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*,
    568 F.3d 725 (9th Cir. 2009) ....................................................................................1

*Wilcox v. City of Reno*,
    42 F.3d 550 (9th Cir. 1994) ......................................................................................2

**STATUTES**

18 U.S.C. § 1836(b)(3)(D) ...............................................................................................5
Ga. O.C.G.A. 10.1.764 .....................................................................................................5

**INTRODUCTION**

Currently before the Court is EchoSpan's motion for a new trial on the issue of damages and an alternative, renewed request for an injunction. Dkt. 510. Granting either form of relief will alter the Court's analysis on this fee motion. To provide the Court an opportunity to address all of these issues simultaneously, EchoSpan filed this motion now. But this motion cannot be evaluated in a vacuum: If the Court awards EchoSpan either a new trial or a permanent injunction, then this motion can and should be delayed until those matters are resolved.

Nonetheless, even if the Court addresss the fees issue now, it should issue attorneys' fees to EchoSpan. EchoSpan prevailed on its claim that Medallia willfully misappropriated a critical trade secret. The jury found in EchoSpan's favor, and the Court has not disturbed that liability finding. The final judgment is *against Medallia*, and it is conclusive. The law requires nothing more to justify the Court exercising its discretion and awarding EchoSpan its reasonable attorneys' fees.

**ARGUMENT AND AUTHORITY**

**I.      ECHOSPAN IS THE PREVAILING PARTY.**

Medallia's claim that EchoSpan has lost this case (Opp. at 1 ("Despite losing this case")) and that it "failed on every cause of action it asserted" (*id.*) is certainly bold. It is not, however, true.[1] A jury found, and this Court affirmed, that Medallia willfully stole EchoSpan's central trade secret. That finding still stands. So too does the judgement that Medallia has violated the law. Dkt. 502.

This is sufficient to justify awarding EchoSpan its fees. No amount of legal bombast or misdirection can alter the case law. *E.g.*, *K-2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 477 (9th Cir. 1974) (affirming award of fees in trade secret case where plaintiff prevailed on only some of the alleged trade secrets: "Although a plaintiff may not sustain his entire claim, if judgment is rendered for him he is the prevailing party"); *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009) (a prevailing party is generally the "party in whose favor judgment is rendered"). That the Court overturned the jury's damages award does not change this conclusion. *See Roadrunner Transportation Services, Inc. v. Tarwater*, 2013 WL 12170492, at *2–

---

[1] If Medallia really believed it won this litigation, it would have sought its own fees. It did not.

3 (C.D. Cal., Dec. 9, 2013), *aff'd sub nom. Roadrunner Transp. Services, Inc. v. Tarwater*, 642 F. App'x 759 (9th Cir. 2016) (an award or attorneys' fees is appropriate, even with a low damages award in light of, among other things, the "great value in the public's interest in protecting trade secrets, including the encouragement and protection of innovation"); *see also Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001) ("an award of nominal damages" can be sufficient to confer prevailing party status) (citing *Farrar v. Hobby*, 506 U.S. 103, 113 (1992)); *see also Wilcox v. City of Reno*, 42 F.3d 550, 557 (9th Cir. 1994) ("Despite that the jury awarded Wilcox only nominal damages, the District court was free, in its discretion as limited by Farrar, to award a reasonable fee.").

Medallia does not address these cases directly. Instead, Medallia attempts to distinguish this authority by arguing that nominal damages, as sufficient to convey prevailing party status in these other cases, are "still a form of relief" and, in their absence, EchoSpan cannot be the prevailing party. Opp. at 9. This highlights the flaw in Medallia's position: Medallia ignores the finality of the Court's amended judgment, a judgment which affirms that Medallia willfully and maliciously broke the law and stole the nervous system of EchoSpan's 360 review tool.

Medallia describes the Amended Judgment as simply a "favorable finding on some elements of a claim," a "temporary victory," a "moral victory" and so on. Opp. at 5, 7. But these minimizing characterizations do not actually minimize the Amended Judgment. The cases Medallia relies on prove this point. For example, Medallia argues that EchoSpan's victory here is similar to those in *Klamath Siskiyou Wildlands Center v. United States Bureau of Land Mgmt.*, 589 F.3d 1027 (9th Cir. 2009) and *Citizens for Better Forestry v. U.S. Dep't of Agr.*, 567 F.3d 1128, 1133 (9th Cir. 2009), where an award of attorneys' fees was not justified. Opp. at 5-6. That argument misunderstands the cases. Neither *Klamath* nor *Citizens for Better Forestry* involved judicial findings of liability; they barely involved judicial findings at all, which was precisely why the courts in those cases concluded that the party seeking fees had not prevailed. Neither case addressed a trial verdict, and neither addressed a final judgment in which the court affirmed the jury's liability finding.

It helps to look at these cases more closely. In *Klamath*, the court evaluated whether any of three different acts were sufficient to confer prevailing party status on the plaintiff: (1) a stipulated

order agreed to by the parties that did not provide any of the relief that the plaintiff sought in the lawsuit (*Klamath*, 589 F.3d at 1031); (2) a magistrate judge's recommendation on a motion for summary judgment that had been objected to and had not been adopted by the district court (*id.* at 1031-32); and (3) a district court order dismissing the plaintiff's claim and declaring it moot (*id.* at 33). Unlike the three orders in *Klamath*, the Amended Judgment here provided final and preclusive relief—a liability finding—and that relief was precisely what EchoSpan consistently sought throughout this case. *See* Dkt. 389 (jury verdict distinguishing between liability finding and damages determination). This is not an interlocutory order, like what the Court considered in *Klamath*, or one that dismissed the claim as moot.

Nor is this case anything like what the Court considered in *Citizens for Better Forestry*, 567 F.3d at 1133. In *Citizens*, the order in favor of the plaintiff seeking fees was a stipulation of dismissal, *not* a contested order establishing anything. *Id.* at 1130. Even more distinct from this case, it was a dismissal stipulation entered after the defendant voluntarily withdrew a promulgated regulation that had provoked the lawsuits. *Id.* In other words, the defendant voluntarily gave plaintiff the relief that the plaintiff then claimed made it the prevailing party. *Id.* And because of that—because the plaintiff "received no relief *from any court*"—the plaintiff in *Citizens* did not qualify as a prevailing party. *Id.* (italics added). To put it mildly, a judgment against Medallia following a six-day trial, which was affirmed following extensive post-trial briefing, is nothing like voluntarily admitting liability.

Like any other final judgment, this one has consequences, both for EchoSpan and Medallia. The judgment is entitled to preclusive impact in further proceedings, whether related to Medallia or any Medallia customers found to have used the system Medallia developed through misappropriation. Liability is established, and all that remains is a determination of damages.[2] That

---

[2] Medallia blithely claims that the final judgment merely relates to "past conduct." Opp. at 6. To be sure, the jury has determined whether and to what extent Medallia has already misappropriated EchoSpan's trade secret. But that does not mean this determination absolves Medallia from liability for its future use of the trade secret. Continued use of the system that Medallia developed for Bank of America for *any purpose*, whether to assist in the Bank of America relationship or to sell to any other client, is continued misappropriation. In light of the Court's final judgment, all that needs to be established is continued use of this trade secret; the impropriety of that use is established with finality. That is no different than a declaratory judgment.

alone has consequential impact on the relationship of the parties and related entities.

Relatedly, Medallia attempts to distinguish cases in which a declaratory judgment was found sufficient to declare one a prevailing party. Opp. at 6. But it claims only that "EchoSpan never even sought a declaratory judgment as part of the relief it was seeking in this action." *Id.* True, EchoSpan did not seek a declaratory judgment. However, the final judgment has the same practical effect, and thus is *at least* as impactful, as a declaratory judgment in EchoSpan's favor. Just like a declaratory judgment, the Court's final judgment conclusively resolves the issue of whether Medallia has misappropriated EchoSpan's trade secret. And just like a declaratory judgment, until further order, the Court's final judgment does not entitle EchoSpan to damages. That courts routinely award prevailing party attorney fees in cases where a party obtains declaratory relief is simply confirmation that EchoSpan is entitled to attorneys' fees as a prevailing party here.

## II.    ECHOSPAN HAS PROVEN THE REASONABLENESS OF ITS FEE REQUEST.

Medallia separately claims that EchoSpan's fee request is not sufficiently supported. Opp. at 11-13. Even though the Court's local rules require only a "statement of the services rendered by each person for whose services fees are claimed, together with a summary of the time spent by each person, and a statement describing the manner in which time records were maintained" (L.R. 54-5(b)(2)) and expressly distinguish that expectation from production of "time records" (*id.*), Medallia claims that EchoSpan's request is insufficient solely because EchoSpan did not attach detailed time records to its submission. Opp. at 11 ("Here, EchoSpan has not provided any time records showing . . ."). Detailed time records have not been ordered, and they are not required. *See* L.R. 54-5(b)(2).[3]

EchoSpan provided documentation and description consistent with what the Local Rules demand. The 11-page declaration independently identifies all of the timekeepers for which EchoSpan seeks fees, and for each category of significant activity in this case, identifies the fees EchoSpan seeks. Dkt. 509-1, ¶ 18. Medallia again boldly claims "[a]ll EchoSpan provides is an affidavit stating the total number of hours each of its attorneys billed." Opp. at 11. This is not true. EchoSpan described the amounts incurred in each phase of the case, providing the Court with

---

[3] To the extent that the Court would like to view these records, in camera, as contemplated by the Court's local rules, EchoSpan will of course comply with any such request.

-4-
ECHOSPAN'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES
CASE NO. 5:22-cv-01732-NC

sufficient information to evaluate whether the time and fees associated with any category of activity are excessive.

Finally, the rates and amount of time EchoSpan dedicated to this case are substantially less than those this Court has otherwise found reasonable. *See, e.g., Comet Technologies USA Inc. v. XP Power LLC*, Case No. 5:20-cv-06408-NC (N.D. Cal. 2022), Plaintiff's Motion for Attorney Fees from *XP Power*, ECF 503 at 16-17 (in comparable trade secret action, plaintiff had 18 attorneys who spent 15,466 hours pursuing claims); *Mattel, Inc. v. MGA Ent., Inc.*, 801 F. Supp. 2d 950, 958 (C.D. Cal. 2011) (awarding fees for 3,620 hours spent litigating the claim for trade secret misappropriation); *see also Kehoe Component Sales Inc. v. Best Lighting Products, Inc.*, N. 2:10CV-00789, 2014 WL 5034643 (S.D. Ohio Oct. 8, 2014), *vacated on other grounds*, 796 F.3d 576 (2015) (awarding fees for 3,901 attorney hours). Medallia does not mention any of these other cases. Its failure to address them is reason enough to overrule Medallia's objection to the reasonableness of the fee amount EchoSpan seeks.

## **CONCLUSION**

EchoSpan is indeed entitled to attorneys' fees as a prevailing party, pursuant to 18 U.S.C. § 1836(b)(3)(D) and O.C.G.A. § 10-1-764, and EchoSpan respectfully requests the Court award EchoSpan those fees as a form of relief for Medallia's willful wrongdoing.

Dated: August 30, 2024            COUNCILL, GUNNEMANN & CHALLY, LLC

By: */s/ Jonathan R. Chally*
Jonathan R. Chally (GA Bar No.141392)
(*Pro Hac Vice*)
Jennifer R. Virostko (GA Bar No. 959286)
(*Pro Hac Vice*)
Joshua P. Gunnemann (GA Bar No. 152250)
(*Pro Hac Vice*)

LEWIS & LLEWELLYN LLP

Evangeline A.Z. Burbidge (CA Bar No. 266966)
Zachary C. Flood (CA Bar No. 313616)

*Attorneys for Plaintiff/Counter-Defendant EchoSpan, Inc.*