LEWIS & LLEWELLYN LLP
Evangeline A.Z. Burbidge (CA Bar No. 266966)
eburbidge@lewisllewellyn.com
Zachary C. Flood (CA Bar No. 312616)
zflood@lewisllewellyn.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 800-0590

COUNCILL, GUNNEMANN & CHALLY, LLC
Jonathan R. Chally (GA Bar No.141392); *Pro Hac Vice*
jchally@cgc-law.com
Jennifer R. Virostko (GA Bar No. 959286); *Pro Hac Vice*
jvirostko@cgc-law.com
Joshua P. Gunnemann (GA Bar No. 152250); *Pro Hac Vice*
jgunnemann@cgc-law.com
75 14th Street, Suite 2475
Atlanta, Georgia 30309
Telephone: (404) 407-5250

Attorneys for Plaintiff
ECHOSPAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECHOSPAN, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> MEDALLIA, INC., <br><br> Defendant/Counter-Plaintiff. | Case No. 5:22-cv-01732-NC <br><br> **PLAINTIFF ECHOSPAN, INC.'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** <br><br> Date: TO BE DETERMINED <br> Time: TO BE DETERMINED |

## INTRODUCTION

Medallia seeks leave to file a motion for reconsideration of this Court's order, entered over two years ago, denying Medallia's motion for findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(a). [Dkt. 437]. Medallia's motion for leave does not meet the requirements of Civil Local Rule 7-9 and should be denied for at least three reasons.

*First*, the Ninth Circuit's mandate to this Court forecloses the relief Medallia seeks. The Ninth Circuit directed this Court to reinstate the jury's verdict. Medallia now asks this Court to disregard the jury's verdict. That is flatly inconsistent with the Ninth Circuit's direction, and hence beyond this Court's ability to do.

*Second*, Medallia has not identified a material change of law to support granting leave under Civil Local Rule 7-9(b)(2). A "change of law" under Rule 7-9(b)(2) means a change of *controlling* law. *See Hamzeh v. Pharmavite LLC*, No. 24-cv-00472-HSG, 2025 WL 1810082, at *2 (N.D. Cal. Jul. 1, 2025). But the only decision Medallia cites that would even have precedential effect in this Court, *Rearden, LLC v. Walt Disney Pictures*, 152 F.4th 1058 (9th Cir. 2025), did not concern trade secrets law at all.

*Third*, even if the mandate did not foreclose Medallia's motion and Medallia had identified a change in controlling law, Medallia has not acted with the "reasonable diligence" required by Rule 7-9(b). Medallia bases its motion on three decisions issued over seventeen months ago—while this Court was still deciding Echospan's motion for new trial—and a fourth decision issued while Echospan's appeal was pending. Medallia could have brought those decisions to this Court's or the Ninth Circuit's attention then. Instead, it made a strategic choice to wait and see if it would prevail on its motion for judgment as a matter of law. Medallia was entitled to make that choice, but the consequence is that it cannot now, years later, attempt to re-raise the same argument it chose to forgo.

## BACKGROUND

The Court is familiar with this case, and Echospan provides only a limited procedural history to explain why Medallia's motion for leave is inappropriate. Medallia seeks reconsideration of this Court's January 17, 2024 order denying Medallia's motion for findings of fact and conclusions of law. [Dkt. 437]. Medallia filed that motion after the November 1, 2023 jury verdict finding it liable for

2

$11.7 million in compensatory damages and $14 million in punitive damages. [Dkt. 389; Dkt. 416]. After denying Medallia's motion, this Court entered judgment for Echospan. [Dkt. 438].

On February 14, 2024, Medallia filed a motion for judgment as a matter of law, new trial, and/or remittitur under Federal Rules of Civil Procedure 50(b) and 59. [Dkt. 468]. On July 2, 2024, this Court granted Medallia's motion in part and entered judgment as a matter of law in Medallia's favor on damages. [Dkt. 500, 502]. Echospan appealed from that judgment on July 31, 2024. [Dkt. 512]. That appeal was held in abeyance until this Court denied Echospan's motion for new trial on September 19, 2024. [Dkt. 522; Dkt. 528]. Medallia did not file any cross-appeal. On October 31, 2025, the Ninth Circuit reversed this Court's grant of judgment as a matter of law and remanded "with instructions to reinstate the jury's verdict." [Dkt. 532 at 2]. The Ninth Circuit issued a formal mandate for its October 31, 2025 order on January 29, 2026. [Dkt. 533].

## LEGAL STANDARD

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Garcia v. Healy*, No. 16-cv-05871-NC, 2019 WL 1230439, at *4 (N.D. Cal. Mar. 15, 2019) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "A motion for reconsideration is not a vehicle for perpetually relitigating the Court's rulings, or a substitute for appeal." *Feamster v. Gaco W., LLC*, No. 18-cv-01327-HSG, 2019 WL 4305536, at *1 (N.D. Cal. Sept. 11, 2019).

Pursuant to Civil Local Rule 7-9, a party must obtain leave of court before filing a motion for reconsideration. N.D. Cal. Civ. R. 7-9(a). A party may seek leave only "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case . . . ." *Id.* To obtain leave, the moving party "must specifically show reasonable diligence in bringing the motion" and one of three grounds for reconsideration. N.D. Cal. Civ. R. 7-9(b). The only ground raised by Medallia is Civil Local Rule 7-9(b)(2), which is "[t]he emergence of new material facts or a change of law occurring after the time of such order." *Id.*

## ARGUMENT

Medallia has not made the showing required by Civil Local Rule 7-9 for leave to file a motion for reconsideration. To start, Medallia's motion seeks relief inconsistent with the Ninth Circuit's

3

ECHOSPAN, INC.'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION - CASE NO. 5:22-cv-01732-NC

mandate in this case.  Moreover, Medallia has identified no change in controlling law since the Court's January 17, 2024 order.  And even if Medallia could somehow get around those first two problems, it has not shown reasonable diligence in bringing this motion, which it filed over two years after this Court's ruling and following a full appeal to the Ninth Circuit.

## I. THE NINTH CIRCUIT'S MANDATE FORECLOSES MEDALLIA'S MOTION.

The Court must deny Medallia's motion because it is irreconcilable with the Ninth Circuit's mandate "to reinstate the jury's verdict."  [Dkt. 532 at 6].  Under the mandate rule, once "a higher court decides an issue and remands the case, that issue is 'finally settled'" and the lower court "cannot 'vary [the decision], or examine it for any other purpose than execution.'" *Montana v. Talen Montana, LLC*, 130 F.4th 675, 691 (9th Cir. 2025) (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)).  Rather, "[t]he lower courts on remand 'must implement both the letter and the spirit of the mandate, taking into account the [higher court's] opinion and the circumstances it embraces.'" *Id.* (quoting *Vizcaino v. U.S. Dist. Ct. for W. Dist. Wash.*, 173 F.3d 713, 719 (9th Cir. 1999)).  In the Ninth Circuit, "the mandate rule is jurisdictional—a mandate divests a lower court of jurisdiction to revisit the issue." *Id.* (citing *United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007)).

Here, the Ninth Circuit reversed and remanded this Court's partial entry of judgment as a matter of law "with directions to reinstate the jury's verdict." [Dkt. 532 at 6].  Medallia now seeks for this Court to declare that verdict advisory and replace it with its own factual findings.  [Dkt. 538-1 at i].  Medallia's request cannot be squared with the Ninth Circuit's plain mandate to this Court.  Converting the jury's verdict from binding to advisory would not be "reinstating" it, but rather vacating it.  *See Reinstate*, Black's Law Dictionary (12th ed. 2024) ("To place again in a former state or position; to restore").  This Court does not have jurisdiction to grant this request.

That the Ninth Circuit did not address the Court's denial of Medallia's Rule 52(a) motion does not change the plain direction of its mandate.  If the Ninth Circuit had any concern regarding the propriety of the jury's addressing EchoSpan's claims, the Ninth Circuit would not have directed this Court to reinstate the jury verdict in its entirety.  The Ninth Circuit's decision removes any doubt that it intended for *all* of the verdict to be reinstated, including damages for unjust enrichment.  Among other things, the Ninth Circuit expressly found that "[t]here was a reasonable basis for the jury to

4

award half of Medallia's unjust enrichment to Echospan for the misappropriation of TS 6." [Dkt. 532 at 3]. In any event, Medallia has only itself to blame for the extent to which Medallia believes that the Ninth Circuit did not address this issue; Medallia failed to raise it on appeal. *See All Pac. Trading, Inc. v. Vessel M/V Hanjin Yosu*, 7 F.3d 1427, 1434 (9th Cir. 1993) (finding waiver of argument that district court should have made findings under Rule 52(a)).

## II. MEDALLIA HAS NOT IDENTIFIED A CHANGE OF LAW.

The Court must also deny Medallia's motion because it does not identify any "change of law" that would support reconsideration under Civil Local Rule 7-9(b)(2). A "change of law" under Rule 7-9(b)(2) means a change of *controlling* law. *See Pharmavite LLC*, 2025 WL 1810082, at *2. This Court has been "consistent" in this understanding of Rule 7-9(b)(2). *Id.*; *see also Buffin v. City & Cnty. of San Francisco*, No. 15-cv-04959-YGR, 2019 WL 1017537, at *13 (N.D. Cal. Mar. 4, 2019); *United States v. Acad. Mortg. Corp.*, No. 16-CV-02120-EMC, 2018 WL 4852377, at *2 (N.D. Cal. Oct. 3, 2018); *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l, LLC*, No. C 08-1232 VRW, 2009 WL 10681000, at *1 (N.D. Cal. Sept. 23, 2009).

None of the four decisions identified by Medallia constitute controlling law within the meaning of Rule 7-9(b)(2). Two—*Motorola Solutions, Inc. v. Hytera Communications Corp.*, 108 F.4th 458 (7th Cir. 2024) and *BioPoint, Inc. v. Dickhaut*, 110 F.4th 337 (1st Cir. 2024)—are decisions from other circuits and thus non-binding. *See, e.g.*, *Buffin*, 2019 WL 1017537, at *14–15 (declining reconsideration based on out-of-circuit decisions). Another—*Proofpoint, Inc. v. Vade USA, Inc.*, 2024 WL 4003096 (9th Cir. Aug. 30, 2024)—is an unpublished Ninth Circuit decision with no precedential effect. *See* 9th Cir. R. 36-3(a) ("Unpublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion."); *see also Pharmavite LLC*, 2025 WL 1810082, at *2 (denying leave to reconsider based on unpublished district court decision).

Moreover, even if they were controlling, none of these decisions would compel a different outcome here. Neither *Hytera* nor *BioPoint* actually decided whether a jury or the court must award unjust enrichment and exemplary damages in a trade secrets case. Rather, both simply noted the fact, in the course of deciding other issues, that the district court below had determined unjust enrichment.

5

ECHOSPAN, INC.'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION - CASE NO. 5:22-cv-01732-NC

*See Hytera*, 108 F.4th at 476 n.6, 490; *BioPoint*, 110 F.4th at 344, 347–51.  Meanwhile, *Proofpoint*, consistent with its unpublished nature, provided a cursory analysis to affirm a district court's denial of a jury trial on exemplary damages in a Defend Trade Secrets Act case.  2024 WL 4003096, at *1. Another district in the Ninth Circuit has since concluded that *Proofpoint* does *not* control whether exemplary damages based on disgorgement are triable to a jury.  *See MGA Ent. Inc. v. Harris*, No. 2:20-CV-11548-JVS-AGR, 2025 WL 3751215, at *2 (C.D. Cal. Sept. 23, 2025) (concluding issue triable by jury), *motion to certify appeal granted*, No. 2:20-CV-11548-JVS-AGR, 2025 WL 3691978 (C.D. Cal. Nov. 20, 2025).  None of this authority, assuming it was binding precedent, addresses the question Medallia presents to this Court.

The only decision identified by Medallia with precedential value—*Rearden, LLC v. Walt Disney Pictures*, 152 F.4th 1058 (9th Cir. 2025)—is similarly distinguishable.  *Rearden* did not involve trade secrets law at all, but rather copyright law.  Furthermore, one of the central issues raised by Medallia's Rule 52(a) motion—the existence of a Seventh Amendment right to a jury trial—had been waived by the appellant in *Rearden*, meaning that the Ninth Circuit focused solely on whether the Copyright Act provided a statutory right to a jury trial.  *Id.* at 1072.  And the Ninth Circuit decided this issue in the context of the appellant's request for a new trial solely on the issue of apportionment of profits, in contrast to the jury's consideration of both compensatory damages and unjust enrichment here.  *Id.* at 1062, 1072.  In short, the Ninth Circuit's conclusion about whether a different statute affords a right to a jury in a trial with different claims is plainly not controlling law.

### III.  MEDALLIA HAS NOT BEEN REASONABLY DILIGENT.

Even putting aside the Ninth Circuit's mandate and Medallia's failure to identify a change in controlling law, the Court still must deny Medallia's motion because Medallia has not shown reasonable diligence in bringing it.  *See* N.D. Cal. Civ. R. 7-9(b).  Medallia seeks reconsideration of an order decided over two years ago, on the basis of decisions issued over nineteen, eighteen, seventeen, and five months ago.  Three of these decisions were decided *before* this Court ruled on Echospan's motion for new trial on September 19, 2024.  [Dkt. 528].  *See Hytera*, 108 F.4th 458 (July 2, 2024); *BioPoint*, 110 F.4th 337 (July 30, 2024); *Proofpoint*, 2024 WL 4003096 (August 30, 2024). There is no reason why Medallia could not have raised these decisions with the Court before it decided

6

ECHOSPAN, INC.'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION - CASE NO. 5:22-cv-01732-NC

Echospan's motion—particularly when Medallia had raised the jury trial question in its August 30, 2024 opposition.[1] [Dkt. 521 at 23].

With respect to *Rearden*, even if that decision was controlling (and it is not), it was still decided on September 11, 2025, while the appeal remained pending. Medallia had the ability to bring *Rearden* to the panel's attention. *See* Fed. R. App. P. 28(j) (allowing notice of supplemental authorities). To the extent Medallia may contend that its request for findings of fact and conclusions of law was not at issue on the appeal, that again is the result of Medallia's own failure to cross-appeal the Court's January 17, 2024 order. Medallia may have had strategic reasons not to file a cross-appeal, but it cannot use that strategic decision as an excuse for its own delay.

## IV.     THERE IS NO BASIS FOR RECONSIDERATION.

The Court need not address the merits of Medallia's motion for reconsideration in order to deny Medallia's motion for leave, and Echospan reserves its right to respond fully to the substance of Medallia's motion for reconsideration in the event that this Court grants Medallia leave to file it. But Echospan makes three brief points why the motion for reconsideration is meritless.

First, Medallia has waived this argument by failing to appeal the January 17, 2024 order. *See Alioto v. Cowles Commc'ns, Inc.*, 623 F.2d 616, 618 (9th Cir. 1980) (defendant waived challenge to jury instruction by not raising it on appeal from entry of judgment notwithstanding the verdict); *see also Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1053 (9th Cir. 1998) ("[I]f a party has a chance to appeal a mistake to a court that can correct the error, and does not, then it should not be able to appeal the error when a subsequent occasion for appeal arises."); *All Pac. Trading*, 7 F.3d at 1434. Even if Medallia was satisfied with the Court's partial entry of judgment as a matter of law, once Echospan appealed that ruling, Medallia could have—and should have—filed a protective cross-appeal to preserve the Rule 52(a) issue. *See Fed. Trade Comm'n v. Dantuma*, 748 F. App'x 735, 739 (9th Cir. 2018) ("We have also previously held that even parties who were satisfied with the district court's judgment must file a cross-appeal to preserve issues for review in subsequent appeals following a remand."), *cert. granted, judgment vacated sub nom. Publishers Bus. Servs., Inc. v. Fed.*

---

[1] Medallia's failure to raise the *Proofpoint* case with this Court is all the more striking because one of the firms representing Medallia in this case represented the appellant in *Proofpoint*.

7

ECHOSPAN, INC.'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION - CASE NO. 5:22-cv-01732-NC

*Trade Comm'n*, 141 S. Ct. 2589 (2021). Medallia did not.

Second, the Court's January 17, 2024 ruling remains consistent with the law. None of the decisions cited by Medallia abrogate or overrule the Supreme Court and Ninth Circuit authority cited by this Court that affirm jury determinations of unjust enrichment and exemplary damages. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1108 (9th Cir. 2001); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 432 (2001). And as noted above, another district in the Ninth Circuit has continued to allow juries to decide exemplary damages arising from unjust enrichment even after *Rearden* and *Proofpoint*. *See MGA Ent.*, 2025 WL 3751215, at *2.

Third, even ignoring the Ninth Circuit's mandate, retroactively converting part of the jury's verdict into an advisory verdict would likely constitute its own legal error. While the Ninth Circuit has acknowledged that declaring a jury advisory *mid-trial* is sometimes allowable, if not "preferable," *see Rearden*, 152 F.4th at 1077, it has not addressed the propriety of doing so *after* trial. And even a switch mid-trial is not permissible if it prejudices one of the parties. *See id.*; *see also Pradier v. Elespuru*, 641 F.2d 808, 811 (9th Cir. 1981) ("The parties are entitled to know at the outset of the trial whether the decision will be made by the judge or the jury.") (advisory verdict could not retroactively be substituted as binding verdict). Medallia offers no compelling reason to wade into this issue, not least because of its failure to properly preserve its request for findings of fact and conclusions of law.

## V.   CONCLUSION

For the foregoing reasons, the Court should deny Medallia's motion for leave to file a motion for reconsideration of the Court's January 17, 2024 order.

8

ECHOSPAN, INC.'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION - CASE NO. 5:22-cv-01732-NC

| | |
|---|---|
| Dated: February 24, 2026 | Respectfully submitted, |
| | LEWIS & LLEWELLYN LLP |
| | By: */s/ Evangeline A.Z. Burbidge* |
| | Evangeline A.Z. Burbidge (CA Bar No. 266966) |
| | Zachary C. Flood (CA Bar No. 312616) |
| | |
| | COUNCILL, GUNNEMANN & CHALLY, LLC |
| | Jonathan R. Chally (GA Bar No. 141392) |
| | (*Pro Hac Vice*) |
| | Jennifer R. Virostko (GA Bar No. 959286) |
| | (*Pro Hac Vice*) |
| | Joshua P. Gunnemann (GA Bar No. 152250) |
| | (*Pro Hac Vice*) |
| | |
| | *Attorneys for Plaintiff/Counter-Defendant EchoSpan, Inc.* |

9

ECHOSPAN, INC.'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION - CASE NO. 5:22-cv-01732-NC