Yury Kapgan (State Bar #218366)
yurykapgan@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Christopher G. Michel (*pro hac vice*)
christophermichel@quinnemanuel.com
Michael Sebring (*pro hac vice*)
michaelsebring@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 13th St. NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000

Benjamin I. Fink (Georgia Bar No. 261090)
(*pro hac vice*)
bfink@bfvlaw.com
Jeremy L. Kahn (Florida Bar No. 0105277)
(*pro hac vice*)
jkahn@bfvlaw.com
BERMAN FINK VAN HORN P.C.
3475 Piedmont Road NE, Suite 1640
Atlanta, GA 30305
Telephone: (404) 261-7711

*Attorneys for Defendant/Counter-Claimant Medallia, Inc.*

LEWIS & LLEWELLYN LLP
Evangeline A.Z. Burbidge (CA Bar No. 266966)
eburbidge@lewisllewellyn.com
Rebecca F. Furman (CA Bar No. 247389)
bfurman@lewisllewellyn.com
Zachary C. Flood (CA Bar No. 313616)
zflood@lewisllewellyn.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 800-0590
Facsimile: (415) 390-2127

COUNCILL, GUNNEMANN & CHALLY LLC
Jonathan R. Chally (GA Bar No.141392); *Pro Hac Vice*
jchally@cgc-law.com
Joshua P. Gunnemann (GA Bar No. 152250); *Pro Hac Vice*
jgunnemann@cgc-law.com
Jennifer R. Virostko (GA Bar No. 959286); *Pro Hac Vice*
jvirostko@cgc-law.com
75 Fourteenth Street, Suite 2475
Atlanta, Georgia 30309
Telephone: (404) 407-5250
Facsimile: (404) 600-1624

*Attorneys for Plaintiff/Counter-Defendant EchoSpan, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECHOSPAN, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> MEDALLIA, INC., <br><br> Defendant/Counter-Plaintiff. | Case No. 5:22-cv-01732-NC <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to the Court's February 10, 2026 Order, the parties submit the following case management statement:

**Appellate Proceedings:** On October 31, 2025, the U.S. Court of Appeals for the Ninth Circuit reversed this Court's order granting Medallia judgment as a matter of law and remanded the case "with directions to reinstate the jury's verdict." On January 5, 2026, the Ninth Circuit denied Medallia's petition for rehearing or rehearing en banc. On January 14, 2026, the Ninth Circuit stayed issuance of the mandate. On January 21, 2026, the Ninth Circuit issued an Order stating that it had "acted prematurely" in granting Medallia's motion to stay, vacated that order, and denied Medallia's motion to stay issuance of the mandate. On January 29, 2026, the Ninth Circuit issued its mandate directing that "The judgment of this Court, entered October 31, 2025, takes effect this date." On March 5, 2026, pursuant to the parties' agreement and joint motion, the Ninth Circuit referred EchoSpan's previously filed Motion for Attorneys' Fees and Supplemental Motion for Attorneys' Fees ("Fee Motions") to this Court. Therefore, nothing is currently pending in the Ninth Circuit.

**District Court Proceedings:** On February 6, 2026, EchoSpan filed its Motion for Entry of Reinstated Judgment along with a proposed Reinstated Judgment [Dkt. 534]. That motion is fully briefed and set for a Zoom hearing on March 18, 2026. On February 13, 2026, Medallia filed its Motion for Leave to File Motion for Reconsideration [Dkt. 538], along with a proposed Motion for Reconsideration [Dkt. 538-1]. Medallia seeks leave to file a motion for reconsideration of the Court's prior denial of Medallia's Rule 52(a) motion to treat the jury's verdict as advisory and for the Court to issue findings of fact and conclusions of law. Medallia's Motion for Leave is also fully briefed. While the Motion for Leave is not formally set for hearing, the parties agree that the issues raised in it are directly relevant to those raised in Medallia's opposition to EchoSpan's Motion for Entry of Reinstated Judgment and in EchoSpan's reply in support of that motion. As a matter of efficiency, Medallia believes that the Motion for Leave should therefore be heard at the same March 18 hearing. EchoSpan defers to the Court's preference on whether to add the Motion for Leave to the March 18 hearing.

Also before the Court are EchoSpan's Fee Motions as referred by the Ninth Circuit. The parties have filed a joint stipulation to resolve the Fee Motions. As set forth in more detail in the stipulation, the parties stipulate that EchoSpan is entitled to an award of $1,913,735.50 in attorneys' fees incurred in this Court and the Ninth Circuit through the date of the stipulation (without prejudice to EchoSpan's ability to seek fees incurred after the date of the stipulation), as well as post-judgment interest at the statutory rate from the date of the original entry of judgment on January 17, 2024, with the stipulation to become void if Medallia is successful, either in this Court or any appellate court, in overturning, vacating, altering, or reducing any amounts awarded in the jury's verdict in any way.

**Pending Motions in This Court:** As discussed above, there are presently three motions before the Court:

1. EchoSpan's Motion for Entry of Reinstated Judgment [Dkt. 534], which is fully briefed and set for hearing on March 18, 2026;

2. Medallia's Motion for Leave to File Motion for Reconsideration [Dkt. 538], which is fully briefed but not formally set for hearing at this time; and

3. EchoSpan's Fee Motions, which will be resolved if the Court adopts the parties' joint stipulation.

**Further Statement by EchoSpan:** Medallia has not indicated that it intends to comply with a reinstated judgment, as ordered by the Ninth Circuit. Upon a reinstated judgment, and if Medallia does not fulfil the judgment within the requirements of Federal Rule of Civil Procedure 62, EchoSpan expects to need Court involvement in judgment collection efforts, including, but not limited to::

- Examination(s) of Medallia and potential third-parties, including Medallia customers, taken pursuant to California Code of Civil Procedure.§ 708.110 et seq.;

- Enforcing discovery, made pursuant to Federal Rule of Civil Procedure 69(b) served on Medallia, and potentially third parties, including Medallia customers; and

- Issuing and enforcing writs of execution and methods of levy pursuant to California Code of Civil Procedure Section 699.510 et seq.;

**Further Statement by Medallia:** Medallia has not yet determined what actions it will or will not take if a reinstated judgment is entered and believes the issue is premature for any further discussion or argument, including due to the pending Motion for Leave and because EchoSpan's entitlement to monetary relief has not yet been finally determined. By not responding further, Medallia does not necessarily agree that all of EchoSpan's listed "judgment collection efforts" are proper. Medalia reserves the right to object to such efforts if such issues become ripe.

Additionally, with respect to the Ninth Circuit's ruling, Medallia may file a petition for a writ of certiorari—currently due April 6—because, *inter alia*, the Ninth Circuit's damages and liability rulings conflict with decisions of other circuits, including subsequent decisions from the Fifth and Seventh Circuits. *See Trinseo Europe GmbH v. Brown*, 165 F.4th 399, 411 (5th Cir. 2026) ("The reasoning in *TAOS* and *O2 Micro* is consistent with the apportionment principles outlined by this court in *University Computing*, and we find it persuasive."); *Next Payment Sols., Inc. v. CLEAResult Consulting, Inc.*, 163 F.4th 1091, 1099 (7th Cir. 2026) ("NEXT sold its software to clients such as CLEAResult, and the functions performed by that software (scheduling appointments, managing inventory, etc.) would be obvious and apparent to any client that was using the internal web application. That the functions are obvious to any user means they do not qualify for protection.").

Dated: March 11, 2026                    Respectfully submitted,

                                            COUNCILL, GUNNEMANN & CHALLY, LLC

                                            By:   */s/ Jonathan R. Chally*
                                                      Jonathan R. Chally (GA Bar No.141392)
                                                      (*Pro Hac Vice*)
                                                      Jennifer R. Virostko (GA Bar No. 959286)

                                            LEWIS & LLEWELLYN LLP
                                            Evangeline A.Z. Burbidge (CA Bar No. 266966)

Zachary C. Flood (CA Bar No. 312616)

*Attorneys for Plaintiff/Counter-Defendant EchoSpan, Inc.*

BERMAN FINK VAN HORN P.C.

By:  */s/ Jeremy L. Kahn*
      Benjamin I. Fink
      Jeremy L. Kahn


QUINN EMANUEL URQUHART & SULLIVAN, LLP
      Yury Kapgan
      Christopher G. Michel
      Michael Sebring

*Attorneys for Defendant/Counter-Plaintiff Medallia, Inc.*

## LOCAL RULE 5-1(h)(3) ECF ATTESTATION

I am the ECF user whose ID and password are being used to file this joint filing. In compliance with Local Rule 5-1(h)(3), I hereby attest that concurrence in the filing of this document has been obtained from signatory Jeremy L. Kahn.

Dated: March 11, 2026

COUNCILL, GUNNEMANN & CHALLY, LLC

By:  */s/ Jonathan R. Chally*
      Jonathan R. Chally (GA Bar No.141392)
      (*Pro Hac Vice*)