UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ECHOSPAN, INC.,

              Plaintiff,

      v.

MEDALLIA, INC.,

              Defendant.

Case No. 22-cv-01732-NC

**ORDER DENYING MEDALLIA'S MOTION FOR RECONSIDERATION; AND GRANTING ECHOSPAN'S MOTION FOR ENTRY OF REINSTATED JUDGMENT**

Re: ECF 534, 538-1

In this civil case between Plaintiff EchoSpan, Inc. and Defendant Medallia, Inc., a unanimous jury determined that Medallia willfully misappropriated a trade secret and awarded EchoSpan $11.7 million in unjust enrichment and $14 million in exemplary damages. ECF 389. The Court determined that these damages were properly a question for the jury, and therefore, no separate findings of fact or conclusions of law were required. ECF 437 (Rule 52(a) Order). The Court subsequently entered the jury's verdict as judgment. ECF 438 (Original Judgment). The Court then granted judgment as a matter of law to Medallia that the jury did not have a reasonable basis for its damages award and entered an amended judgment in favor of Medallia on damages for misappropriation of a trade secret. ECF 500 (JMOL Order); ECF 502 (Amended Judgment). EchoSpan

appealed the Court's amended judgment and judgment as a matter of law on damages to the Ninth Circuit. ECF 512. The Ninth Circuit then reversed the Court's grant of judgment as a matter of law and remanded back to the Court with instructions to reinstate the jury's verdict. ECF 532.

Medallia now moves for the Court to reconsider its Rule 52(a) Order, specifically its conclusions that (1) the jury verdict awarding unjust enrichment and exemplary damages was binding rather than advisory, and (2) the Court did not need to issue independent findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(a). ECF 538-1. EchoSpan also moves for the Court to vacate the Amended Judgment and reinstate the Original Judgment. ECF 534. The Court finds that Medallia did not meet its burden to bring a motion for reconsideration and therefore DENIES Medallia's motion to reconsider and GRANTS EchoSpan's motion for entry of reinstated judgment.

## I.    BACKGROUND

The Court gives a brief summary of the relevant background.

EchoSpan alleged Medallia misappropriated nine EchoSpan trade secrets under the Defend Trade Secrets Act (DTSA) and Georgia Trade Secrets Act (GTSA). ECF 1. Before the case went to trial, Medallia moved to bifurcate the proceeding so that its injunctive relief and unjust enrichment damages "would be tried by the Court rather than a jury." ECF 271 at 1–2. The Court denied the motion in part because the claims were "legal in nature." ECF 318.

The case then went to trial. ECF 360. The jury found that Medallia willfully misappropriated one alleged trade secret, Trade Secret 6 (TS 6). ECF 389. The jury awarded EchoSpan $11.7 million in compensatory damages and $14 million in exemplary damages. *Id.*

After trial, Medallia moved this Court to treat the jury's verdict as to unjust enrichment and exemplary damages as advisory and issue an independent findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a). ECF 416. Medallia argued that "[u]njust enrichment is an equitable issue that the Court must

United States District Court
Northern District of California

determine" and that only the Court could award exemplary damages. *Id.* at 3. The Court was fully briefed. ECF 424; ECF 429. The Court denied Medallia's Rule 52(a) motion, referencing its motion for bifurcation order at ECF 318 and finding that "juries routinely decide whether and in what amounts to award unjust enrichment damages available under trade secrets statutes." Rule 52(a) Order at 5. The Court then entered judgment and awarded EchoSpan $11.7 million in compensatory damages and $14 million in exemplary damages. Original Judgment.

Medallia subsequently moved for judgment as a matter of law, in part arguing that EchoSpan's damages evidence did not give the jury a reasonable basis for its award. ECF 468. The Court granted Medallia's motion as to this point and overturned the jury's damages award. JMOL Order. The Court then entered an amended judgment as a matter of law in favor of Medallia on damages for misappropriation. Amended Judgment.

EchoSpan appealed the Court's JMOL Order and the Amended Judgment to the Ninth Circuit. ECF 512. The Ninth Circuit found "the jury had a reasonable basis" to award its unjust enrichment damages. ECF 532 at 4. Thus, the Ninth Circuit reversed the Court's "grant of judgment as a matter of law" and remanded back to the Court with "directions to reinstate the jury's verdict." *Id.* at 6.

EchoSpan moved for entry of a reinstated judgment, requesting the Court to reinstate its Original Judgment. ECF 534. Medallia opposed. ECF 539. EchoSpan replied. ECF 542.

Medallia filed a motion for leave to file a motion for reconsideration of the Court's Rule 52(a) Order. ECF 538. EchoSpan opposed and Medallia replied. ECF 540, ECF 541. The Court granted EchoSpan's motion for leave and allowed for full briefing. ECF 546. Medallia's motion for reconsideration of the Challenged Order is filed at ECF 538-1. EchoSpan opposed at ECF 550. Medallia replied at ECF 551.

Both parties have consented to magistrate judge jurisdiction. ECF 65; ECF 67.

3

## II.    LEGAL STANDARD

"[A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  In the Northern District of California, the moving party bears the burden to show reasonable diligence in bringing the motion and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order . . .

> (2) The emergence of new material facts or a change of law occurring after the time of such order; or

> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Cal. Civ. R. 7-9(b).

Reconsideration is an "extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Reconsideration is appropriate only "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## III.    ANALYSIS

### A.    The Court Denies Medallia's Motion for Reconsideration

Medallia moves the Court to reconsider its Rule 52(a) Order, specifically its conclusions that (1) the jury verdict awarding unjust enrichment and exemplary damages was binding rather than advisory, and (2) the Court did not need to issue independent findings of fact and conclusions of law under Rule 52(a).  ECF 538-1 at i.  The parties point the Court to three primary issues for it to consider when determining this motion.

United States District Court
Northern District of California

First, whether the Ninth Circuit's mandate foreclosed this motion.  ECF 551 at 2.  Second, whether Medallia waived this motion when it failed to appeal or cross-appeal.  EF 551 at 3.  Third, whether there has been an intervening change in controlling law.  ECF 551 at 5.

The Court finds that the mandate did not foreclose, and Medallia did not waive, this motion for reconsideration.  However, it also finds that Medallia has not met its burden of showing that there was an intervening change in controlling law, and therefore, denies its motion for reconsideration.

### 1. The Ninth Circuit's Mandate Did Not Foreclose the District Court From Reconsidering its Rule 52(a) Order

EchoSpan first argues that the Ninth Circuit's mandate foreclosed the district court from reconsidering its Rule 52(a) Order.

A district court can be precluded from determining an issue if the law of the case or rule of mandate applies.  *Hall v. City of L.A.*, 697 F.3d 1059, 1067 (9th Cir. 2012).  The law of the case doctrine is discretionary and "generally precludes a court from reconsidering an issue decided previously by the same court or by a higher court in the identical case." *Id.* (citations omitted).  The issue in question must have been decided explicitly or by necessary implication in the previous disposition. *Id.*  The rule of mandate states that "[a] district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Id* (citation omitted).  At the same time, the rule "allows a lower court to decide anything not foreclosed by the mandate." *Id.* (citation omitted).  Violation of the rule of mandate is a jurisdictional error. *Id.* (citation omitted).

Therefore, the critical question in determining whether the Court has jurisdiction to reconsider its Rule 52(a) Order is what issues were left open by the Ninth Circuit's mandate. *See Laitram Corp. v. NEC Corp.,* 115 F.3d 947, 951 (Fed. Cir. 1997).  The mandate here "reversed and remanded with directions to reinstate the jury's verdict." ECF 532 at 6. The mandate leaves open the opportunity for the Court to reconsider its Rule 52(a) Order.

*United States District Court*
*Northern District of California*

First, EchoSpan has not shown that the Rule 52(a) issues were decided explicitly or by necessary implication on appeal. Indeed, EchoSpan agrees that the Rule 52(a) issues were not decided explicitly. ECF 540 at 4 (stating that "the Ninth Circuit did not address the Court's denial of Medallia's Rule 52(a) motion"). And EchoSpan did not sufficiently argue that the Ninth Circuit decided any Rule 52(a) issues by necessary implication. It is not enough to only argue that "the Court had decided Medallia's Rule 52(a) motion by the time of EchoSpan's appeal." ECF 550 at 7. While whether the Court has decided the motion can be a *factor* in deciding whether the motion was necessarily implicated, it does not, by itself, establish the motion was necessarily implicated in the appeal. For example, in *Laitram*, the fact that the district court previously ruled that the issues were "moot" was only one part of its primary analysis of determining whether the issues were decided by necessary implication. It also considered other factors, such as whether the issues were appealed or if the issues were antecedent logically or legally to the appeal, to come to its conclusion. 115 F.3d at 951. The court in *U.S. v. Kellington* similarly focused on whether the motion was before the appellate court and what the appellate decision covered, not whether the district court decided the issue, in finding that the district court was not foreclosed from reinstating a motion. 217 F.3d 1084, 1095–96 (9th Cir. 2000).

Nor has EchoSpan sufficiently shown that Medallia's motion for reconsideration is "irreconcilable with" or "beyond the scope of" the mandate. ECF 550 at 5–6. The mandate only directed the Court to "reinstate the jury verdict." ECF 532. It does not instruct the Court to do anything else, such as to enter judgment or refrain from considering certain arguments. *Id*. To reinstate means to "place again in a former state or position" or "to restore." Reinstate, Black's Law Dictionary (12th ed. 2024). As such, the Ninth Circuit's instruction directs the Court only to restore the jury verdict to its original state. It does not add any limitation on what the Court could consider on remand. *Compare U.S. v. Thrasher*, 483 F.3 977, 983 (finding that the mandate precluded the district court from considering other arguments when the appellate court remanded "for a single purpose").

Indeed, Courts have previously found that a mandate to "reinstate the jury verdict" leaves open the opportunity for, and even can obligate, the district court to rule on issues that were not appealed or not decided on appeal and can affect aspects of the final judgment. *See, e.g., Laitram*, 115 F.3d at 952–53 (finding it was within the court's power and the court's obligation to rule on certain issues because they were no longer moot and could have affected aspects of the final judgment); *cf. Jules Jordan Video*, 468 Fed. App'x at 677 (finding that the only proceeding necessary on remand was the entry of judgment because the circuit court's prior decision and mandate were based on a complete review of *all* arguments raised in the initial appeal and any new arguments were waived).

The Court therefore finds that the Ninth Circuit's mandate does not foreclose this Court from reconsidering its Rule 52(a) Order.

### 2. Medallia Did Not Waive the Rule 52(a) Issue When It Failed to Raise It Through Appeal or Cross-Appeal

EchoSpan then argues that Medallia "waived on appeal any challenge to this Court's denial of its Rule 52(a) motion"[1] because it could have appealed the judgment or cross-appealed to protect its rights in the event of remand. ECF 550 at 6, 8.

It is questionable as to whether Medallia could have appealed the unjust enrichment and exemplary damages portion of the Amended Judgment by arguing that the jury verdict for these damages was not binding. *See United States v. Good Samaritan Church*, 29 F.3d 487, 488 (9th Cir. 1994) ("A party may not appeal from a judgment . . . in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree."). Medallia was not "aggrieved" by the damages judgment, which was entered "in favor of Medallia." ECF 550 at 8; Amended Judgment. While Medallia was aggrieved by the Court's Amended Judgment on whether it willfully and maliciously

---

[1] Medallia disputes EchoSpan's use of the term "waiver" as opposed to "forfeiture." ECF 551 at 3 n.1. However, Medallia does not explain the practical significance of this difference. Regardless, "there is little practical difference in consequences between a waived issue or forfeited issue." *Alaska Dep't of Fish & Game v. Fed. Subsistence Bd.*, 139 F.4th 773, 788 n.15 (9th Cir. 2025).

misappropriated TS 6, Medallia is not asking the Court to reconsider this issue—only the unjust enrichment and exemplary damages.

Regardless, Medallia was the appellee, not the appellant, in this case. And courts have distinguished between how they assess how a waiver applies to appellees and appellants because "appellees do not select the issues to be appealed" and "are at a procedural disadvantage in appeals." *See Laitram*, 115 F.3d at 954. The Court therefore focuses on EchoSpan's arguments and cases relating to waiver on cross-appeal. *See Sogecable, S.A. v. NDS Grp. PLC*, No. 03-cv-1174-DOC-ANX, 2008 WL 11636287, at *2 (C.D. Cal. Jan. 25, 2008) (declining to apply a case about an appellant's waiver of an issue to an appellee's waiver).

Courts have found that "[w]aiver is only proper where the party who failed to cross-appeal was required to do so." *Amgen Inc. v. Sanofi*, No. 14-cv-1317-RGA, 2019 WL 494620, at *2 (D. Del. Feb. 8, 2019); *see also Laitram*, 115 F.3d at 954 (stating the issue of waiver was "what it was *required* to argue, or indeed could *properly* have argued"); *Akamai Techs., Inc. v. Limelight Networks, Inc.*, No. 06-cv-11109-RWZ, 2016 WL 10675906, at *3 (D. Mass. Apr. 25, 2016) (finding that an issue was waived if it "could have been, but w[as] not, raised on cross-appeal"). "[A] party must file a cross-appeal if, although successful in the overall outcome in the district court, the party seeks, on appeal, to lessen the rights of its adversary or to enlarge its own rights." *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1293 (Fed. Cir. 2013). This "cross-appeal rule" is a "rule of practice and not a jurisdictional bar," and thus, appellate courts have the "broad power to make such dispositions as justice required." *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1085 (9th Cir. 2015). Further, it is ambiguous whether a district court can apply the cross-appeal rule to preclude certain arguments in its court on remand. *Lazare Kaplan Int'l, Inc.*, 714 F.3d 1289 at 1294–95 (stating that the cross-appeal rule is normally applied not by district courts, but by appellate courts).

To the extent that this Court can apply the cross-appeal rule here, it uses its discretion to reach the Rule 52(a) issue. It is unclear as to whether the cross-appeal was

United States District Court
Northern District of California

required.  At the time of EchoSpan's appeal, because no unjust enrichment or exemplary damages awarded to EchoSpan for Medallia's misappropriation, Medallia's cross-appeal to make the jury findings advisory would not have decreased its monetary liability.  *See Lee v. Burlington N. Santa Fe Ry. Co.*, 245 F.3d 1102, 1107 (9th Cir. 2001) (the Ninth Circuit has required a cross-appeal when a party seeks to increase its monetary recovery or decrease its monetary liability).  It is uncertain whether this circuit requires an appellee to file a protective cross-appeal.  *Compare Valdez v. Rosenbaum,* 302 F.3d 1039, 1044 (9th Cir. 2002) ("[P]revailing parties . . . need not have filed cross-appeals in order to correct errors in the district court's reasoning."), *with Fed. Trade Comm'n v. Dantuma*, 748 F. App'x 735, 739 (9th Cir. 2018) (stating that "even parties who were satisfied with the district court's judgment must file a cross-appeal to preserve issues for review in subsequent appeals following a remand").

Additionally, a party's failure to raise an issue on appeal "will be excused" when there is "a change in the law." *Lee*, 245 F.3d at 1108.  For the reasons in Section III.A1.3., the Court does not find there was a change in the law.

As such, in the absence of prejudice to EchoSpan and in the interest of fairness to Medallia, we exercise our discretion to reach the issue.  *See Stormans,* 794 F.3d at 1085.

### 3.    Medallia Does Not Point to Any Intervening Changes to the Law.

Medallia alleges that its motion for reconsideration is based on "intervening authority from the Ninth Circuit and elsewhere."  ECF 538-1 at 4.  Medallia does not allege any other basis for reconsideration.  An intervening change in controlling law is found where the reasoning or theory of a case "is clearly irreconcilable with the reasoning or theory of intervening higher authority." *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003).  Because the Court is not persuaded that there was an intervening change in controlling law, it denies Medallia's motion for reconsideration.

As an initial matter, the Court is not persuaded that its order at ECF 546 granting leave to Medallia to file a motion for reconsideration alone permits reconsideration.  ECF 551 at 5–6.  The Court's order granting leave is based on N.D. Cal. Civil Local Rule

7(b)(2), which requires a "change in law." This is broader than what Medallia is required to show for reconsideration, which demands an "intervening change in controlling law." Further, the Court is not tied to its initial screening decision—it now benefits from additional argument and briefing.

Medallia points to four cases to support an alleged intervening change in controlling law: (1) *Proofpoint, Inc. v. Vade USA, Inc.*, No. 23-cv-16085, 2024 WL 4003096, at *1 (9th Cir. Aug. 30, 2024); (2) *Rearden LLC v. Walt Disney Pictures*, 152 F.4th 1058 (9th Cir. 2025); (3) *Motorola Solutions, Inc. v. Hytera Communications Corp.*, 108 F.4th 458 (7th Cir. 2024), and (4) *BioPoint, Inc. v. Dickhaut,* 110 F.4th 337 (1st Cir. 2024). The Court is not persuaded that these are intervening changes in controlling law.

First, the Court notes that three of these cases—*Proofpoint*, *Hytera*, and *BioPoint*, are not "controlling" law. *Proofpoint* is unpublished[2], and *Hytera* and *BioPoint* are out-of-circuit decisions. Medallia concedes that *Rearden* is the only controlling decision out of the four cases it identified. ECF 551 at 13. While it argues that the Court "may consider other intervening authorities that inform controlling Ninth Circuit law," it cites to a case where it did so *in addition to* finding intervening controlling authority in two Supreme Court cases. ECF 551 at 13–14 (citing *Murray v. Mayo Clinic*, 934 F.3d 1101, 1107 (9th Cir. 2019)).

The Court also finds that the ruling in *Rearden* is not an "intervening change" because it affirmed the relevant portion of the district court's order striking the jury demand on the issue of disgorgement of profits. 152 F.4th at 1077; *see Anderberg v. Hain Celestial Grp., Inc.*, No. 21-cv-01794-RBM-SBC, 2023 WL 7311200, at *5 (S.D. Cal. Nov. 6, 2023) (finding that the binding appellate decision was not an intervening change because it merely affirmed the district court's ruling). Further, it did not squarely address

---

[2] The Court also notes that Medallia uses *Proofpoint* as its primary argument that there was intervening changes in law establishing that exemplary damages award is for the Court, not the jury, to decide. ECF 538-1 at 10. However, *Proofpoint* explicitly does not decide the question of whether the Seventh Amendment requires a jury trial for exemplary damages. 2024 WL 4003096, at *1.

United States District Court
Northern District of California

the issue at hand—while it found that there was no statutory right to a jury trial under the Copyright Act, it did not find as such for the DTSA or GTSA. *Rearden*, 152 F.4th at 1076. Medallia uses this case to speculate on what the Ninth Circuit would have ruled had it instead addressed the DTSA or GTSA. *See In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1036 (C.D. Cal. 2013) (citing *Texas v. Cobb*, 532 U.S. 162, 169 (2001)) ("A material change of law . . . cannot arise 'by inferences from opinions which did not address the question at issue.'").

Medallia then argues that the Court should still grant reconsideration because it "retains the discretion to sua sponte reconsider" an inconsistent earlier order. ECF 551 at 14 (citing *Barker v. Insight Global, LLC*, 2019 WL 176260, at *3 (N.D. Cal. Jan. 11, 2019)). The Court declines to use its discretion here in light of the Ninth Circuit's instruction to use motions for reconsideration "sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc.*, 229 F.3d at 890 (9th Cir. 2000). This case has lasted for almost 5 years—during that time, it went through a full jury trial, had extensive post-trial motions, and went to and returned from the Ninth Circuit. Further, the specific issue of whether unjust enrichment and exemplary damages are legal or equitable damages, and should therefore be ultimately decided by the Court, has already twice been addressed by the Court. *See* ECF 271; ECF 416.

As such, the Court denies Medallia's motion for reconsideration of the Court's Rule 52(a) Order. Medallia did not show an intervening change in controlling law or that the Court should use its discretion to sua sponte reconsider its Order.

### B.    The Court Grants EchoSpan's Motion for Reinstated Judgment

EchoSpan moved this Court to vacate the Amended Judgment and reinstate the Original Judgment. ECF 534 at 2. Taking into account the Ninth Circuit's mandate to reinstate the jury verdict and the Court's denial of reconsideration of its Rule 52(a) Order, the Court finds that its Original Judgment implementing the jury's verdict awarding EchoSpan $11.7 million in compensatory damages and $14 million in exemplary damages

for Medallia's misappropriation of Trade Secret 6 is correct.  Thus, the Court GRANTS EchoSpan's motion for reinstated judgment.

## IV.    CONCLUSION

In conclusion, the Court DENIES Medallia's motion for reconsideration and GRANTS EchoSpan's motion for reinstated judgment.  Second Amended Judgment to follow.

**IT IS SO ORDERED.**

Dated: May 14, 2026

NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

12